NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
|  | : |  |
| THIERRY-LAMARRE BEY, | : |  |
|  | : |  |
| Plaintiff, | : | Civil Case No. 14-4802 (FSH) |
|  | : |  |
| v. | : | **ORDER** |
|  | : |  |
| ANDREA L. CHERRY, et al., | : | Date: November 5, 2014 |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Plaintiff Thierry-Lamarre Bey's motion for default judgment against Defendant Andrea L. Cherry (Dkt. No. 9); and

it appearing that the Clerk of the Court has not entered default against Defendant Cherry; and

it appearing that an entry of default is required before the Court can enter default judgment under Federal Rule of Civil Procedure 55(b), *see Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."); and

it appearing that in order to obtain default and default judgment, Plaintiff must properly serve Defendant Cherry in accordance with the Federal Rules of Civil Procedure, *Capers v. Quest Capital Strategies, Inc.*, Civ. No. 06-5780, 2007 WL 2033831, at *2 (D.N.J. July 10, 2007) ("It is well settled that service must be proper in order to receive an entry of default."); and

it appearing that Plaintiff has failed to properly serve Defendant Cherry;[1]

---

[1]        Plaintiff submitted an unexecuted summons and an affidavit concerning service. An Essex County Constable attempted to serve Defendant Cherry on August 8, 2014 at 327 Grove Street, Montclair, New Jersey 07042—Defendant Cherry's alleged domicile. (Dkt. No. 6.) The premises, however, appeared abandoned, a neighbor stated that no one had resided there for approximately four years, and a notice of unsafe structure was found posted on the front door. (*Id.*) The Constable returned the service unexecuted. Following this attempt, the summons and complaint were sent via certified U.S. Mail to 377 Grove Street, Montclair, New Jersey 07042. (*Id.*; *see also* Dkt. No. 9-1 ¶ 2.) No other attempts at service of Defendant Cherry are presented to the Court.

        Under Federal Rule of Civil Procedure 4(e) service on an individual may be affected by service upon the individual personally, by leaving a copy at the "individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by delivering a copy of the summons and complaint to "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). The rule also provides that service can be made in the manner prescribed by the law of the state where the district court is located (New Jersey) or in which service is affected. *See* Fed. R. Civ. P. 4(e)(1). In New Jersey, service can be made by certified mail, but only after personal service is unsuccessful following "a reasonable and good faith attempt." *See* N.J.Ct.R. 4:4-3. This rule states:

> [S]ervice may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to addressee only, to defendant's place of business or employment. If the addressee refuses to claim or accept delivery of registered or certified mail, service may be made by ordinary mail addressed to the defendant's usual place of abode. The party making service may, at the party's option, make service simultaneously by registered or certified mail and ordinary mail, and if the addressee refuses to claim or accept delivery of registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service.

Such service must also be accompanied by an affidavit: "If service is made by mail, the party making service shall make proof thereof by affidavit which shall also include the facts of the failure to effect personal service and the facts of the affiant's diligent inquiry to determine defendant's place of abode, business or employment." N.J.Ct.R. 4:4-7; *see also* N.J.Ct.R. 4:4-3.

        Service has not been properly effected in this case—even if Essex County Constable's attempt to serve Defendant Cherry at 327 Grove Street constituted "a reasonable and good faith attempt" at personal service. First, Plaintiff's affidavit does not state "the facts of the affiant's diligent inquiry to determine defendant's place of abode, business or employment." *See* N.J.Ct.R. 4:4-3. Second, the copy of a certified U.S. Mail receipt submitted to the court, (Dkt. No. 6), was sent to a different address (377 Grove Street) than that listed for Defendant Cherry in Plaintiff's complaint (327 Grove Street). (Dkt. No. 1.)

**ACCORDINGLY**, it is on this 5th day of November, 2014,

**ORDERED** that the Plaintiff's motion for default judgment (Dkt. No. 9) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff will serve Defendant Cherry in accordance with the Federal Rules of Civil Procedure within **60 days** of this order; after proper service, should Defendant fail to answer, or otherwise move this Court, within the time allotted by the Federal Rules of Civil Procedure then Plaintiff may seek default and default judgment as allowed by the Federal Rules.

**IT IS SO ORDERED.**

**/s/ Faith S. Hochberg**
**Hon. Faith S. Hochberg, U.S.D.J.**

3