NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THIERRY-LAMARRE BEY, | Civil Action No. 14-4802 |
| Plaintiff, | |
| v. | |
| ANDREA L. CHERRY, et al., | OPINION |
| Defendants. | |

ARLEO, UNITED STATES DISTRICT JUDGE

I. INTRODUCTION

This matter comes before the Court by way of Defendants the Township of Montclair, Kathleen Kumanyika, and David P. Sabagh's (the "Municipal Defendants") unopposed motion to dismiss Plaintiff Thierry-Lamarre Bey's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(c) [Dkt. No. 11][1] and Plaintiff's motion for default judgment against Defendant Andrea L. Cherry [Dkt. No. 13]. For the reasons set forth herein, the Municipal Defendants' motion to dismiss is **GRANTED**, Plaintiff's Motion for Default Judgment is **DENIED WITH PREJUDICE**, and this matter will be closed.

II. BACKGROUND

Plaintiff's Complaint is difficult to decipher. Plaintiff appears to claim ownership of a piece of property located in Montclair, New Jersey (the "Montclair Property"), based upon some

---

[1] The Court notes that Plaintiff does not name the Township of Montclair in the Complaint's caption, but Plaintiff does seek $75,000 in relief from the Township of Montclair Police Department.

combination of: (1) Plaintiff's status as a Moorish American; (2) his status as a "beneficiary" under a "Deed of Conveyance" held by the "Noble Drew Ali;" (3) the fact that the "Noble Drew Ali" claims that "[t]he Moors were living up and down the Mississippi River before the Europeans came here;" (4) "The Holy Koran Circle 7 chapter 47 verse 11;" and (5) Plaintiff having served Defendants with an "Affidavit of Fact." Although it is not entirely clear from the Complaint, Plaintiff seems to claims that Defendants' refusal to recognize his ownership of the property violates his constitutional rights under 42 U.S.C. § 1983. He alleges that Kathleen Kumanyika, the Montclair Code Enforcement Officer, placed an "UNSAFE STRUCTURE PLACARD" on his land. The Complaint also appears to seek relief against the Montclair Police Department and Defendant David P. Sabagh, Chief of the Montclair Police Department, because Sabagh had an unidentified John Doe detective "investigate the case" and this detective contacted the Division of Youth and Family Services ("DYFS") and informed DFYS that Plaintiff was "squatting" on the property at issue, and DYFS "investigated" this issue.

### III. ANALYSIS

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). The "Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" D'Agostino v. CECOM RDEC, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

#### A. Federal Rule of Civil Procedure 12(b)(1)

First, Defendants moves to dismiss on the grounds that there is no subject matter jurisdiction because there is no diversity of citizenship. In his Complaint, Plaintiff refers once to 28 U.S.C. § 1332, but, at the same time, alleges that he and all Defendants are citizens of New

2

Jersey. Defendants do not dispute that the parties are not diverse. Thus, this Court is satisfied that it lacks diversity jurisdiction over this case.

Defendants also move to dismiss on the grounds that there is no subject matter jurisdiction because there is no cognizable claim asserted under 42 U.S.C. § 1983. The Court agrees.

A claim may dismissed pursuant to Rule 12(b)(1) if it is legally insufficient. Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1990). Unlike a motion to dismiss pursuant to Rule 12(b)(6), a legally insufficient claim may be dismissed under 12(b)(1) only if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." Id. (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)). Plaintiff bears the burden of establishing the Court's subject matter jurisdiction. Id.

Great Seal Nat'l Ass'n of Moorish Affairs v. 46th Dist. Ct. of Oakland, Mich., No. 06-15625, 2007 U.S. Dist. LEXIS 3199, at *1 (E.D. Mich. Jan. 17, 2007) is instructive. In that case, the Great Seal National Association of Moorish Affairs brought suit against various state entities, alleging their ownership of various parcels of property based upon their Moorish ancestry and defendants' failure to recognize the "Declaration of Nationality and Constitutional Protection of Rights and Immunities of the Indigenous Moorish Americans." The court, *sua sponte*, dismissed the complaint in its entirety, finding the allegations to be "baseless, fantastic and delusional[.]" Id. at *2; see also Wright-El v. Jackson, No. 12-6, 2012 WL 3614452, at *2 ("Any claim, therefore, that the Petitioner is 'not subject to the laws of North Carolina because of his alleged Moorish nationality' must be considered frivolous. Likewise, any claim raised by the Petitioner which is based on his membership in such a nation must be considered frivolous. Any claim, moreover, which relies on documents or arguments based on the doctrines of that nation must be considered frivolous."); El v. Asbury Park Mun. Ct., Nos. 11-1648, 11-1649, 2011 WL 2148854, at *1 (D.N.J.

3

May 31, 2011) (finding plaintiff's claim that the court possessed jurisdiction under the "Moorish Power Treaties of Protection 1796" was frivolous and warranted dismissal pursuant to Rule 12(b)(1)); Bey v. Louisiana, No. 08-250, 2008 U.S. Dist. LEXIS 91606, at *4 (W.D. La. July 11, 2008), report and recommendation adopted, 2008 U.S. Dist. LEXIS 65181 (W.D. La. Aug. 25, 2008) (dismissing as frivolous a quiet title action brought by a member of the "Nation of the Washitaw").

Here too, the Court concludes that Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction. Plaintiff's claim of ownership of the Montclair Property is insubstantial and frivolous, both because his alleged proofs of ownership lack any legal basis and because he fails to come close to stating any cognizable claim under 42 U.S.C. § 1983 against either the individual defendants or the municipality. In the Complaint, the only reference made against Defendant Cherry was that she was "foreclosed on." The only action taken by Defendant Kathleen Kumanyika was placing an "unsafe structure placard" on the property. As to Plaintiff's claims against David P. Sabagh and the John Doe detective, Plaintiff alleges that, after he "served" Sabagh, Sabagh assigned a John Doe detective to "investigate" and the John Doe detective contacted Plaintiff's son's school and DYFS. None of these allegations could possibly give rise to Section 1983 liability and, as such, Plaintiff's reference to Section 1983 in his Complaint "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" and "is wholly insubstantial and frivolous." Kehr Packages, 926 F.2d at 1406. As such, the Court lacks subject matter jurisdiction over this case. Therefore, Defendants' motion to dismiss is granted. For the same reasons, Defendant's motion for default judgment is denied.[2]

---

[2] Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4)

## B. Federal Rule of Civil Procedure 12(c)

Alternatively, the Municipal Defendants allege that Plaintiff's Complaint should be dismissed pursuant to Rule 12(c). The Complaint references 42 U.S.C. § 1983 and makes a fleeting reference to 18 U.S.C. § 241 in the "Demand" section. Under either statute, Plaintiff fails to state a claim.

A court adjudicating a Rule 12(c) motion for judgment on the pleadings must apply the same standard applied to motions to dismiss pursuant to Rule 12(b)(6). Gebhart v. Steffen, 574 F. App'x 156, 158 (3d Cir. 2014). "To survive a motion to dismiss, a complaint -- even a pro se complaint – 'must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"In order to establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law." Rogers v. Gloucester Tp. Hous. Auth., No. 14-1268, 2015 WL 132540, at *3 (D.N.J. Jan. 9, 2015). Suit may only be brought against an individual based upon his or her personal involvement in the alleged wrongs. Morris v. United States, No. 12-2926, 2014 WL 7368899, at *15 (D.N.J. Dec. 29, 2014); see also Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement

---

determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). Putting aside the procedural flaws in Plaintiff's motion for default judgment, as the Court lacks subject matter jurisdiction over Plaintiff's claims against Cherry, the Court must deny Plaintiff's motion for a default judgment.

5

can be shown through allegations of personal direction or of actual knowledge and acquiescence."). Suit may only be brought against a municipality when the plaintiff's injury was caused by the government's policy or custom. Morris, 2014 WL 7368899, at *15; see also Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 690–91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Marrakush Soc. v. N.J. State Police, No. 09-2518, 2009 U.S. Dist. LEXIS 68057, at *115 (D.N.J. July 30, 2009) (dismissing claims against supervisors and agencies when neither personal involvement nor the existence of policies/customs were alleged).

As set forth above, there is no articulation of a deprivation of any right secured by the Constitution or laws of the United States. Therefore, no Section 1983 claim is stated.

Section 241 of Title 18 is a federal criminal conspiracy statute, which does not create a private cause of action. Therefore, any claim under this statute must be dismissed. Carpenter v. United States, No. 10-5319, 2010 WL 5239240, at *3 (D.N.J. Dec. 16, 2010).

Based upon the foregoing, the Court finds that Plaintiff's Complaint must be dismissed pursuant to Rule 12(c).

### C. Whether Leave to Amend Should be Granted

While *pro se* plaintiffs should often be afforded the opportunity to amend prior to the dismissal of a complaint with prejudice, a complaint may be dismissed with prejudice if "it is clear that granting further leave to amend would be futile, or result in undue delay." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Here, because Plaintiff "has failed to state a viable federal cause of action, and the factual and legal grounds proffered in support of the complaint make it clear that [he] has no right to relief," the Court concludes that the Complaint must be dismissed with

prejudice. See Ali v. Tucker, No. 12-7160, 2013 WL 1858785, at *11 (E.D. Pa. Apr. 10, 2013), report and recommendation adopted, 2013 WL 1858776 (E.D. Pa. May 2, 2013).

### IV. CONCLUSION

For the reasons set forth herein, the Municipal Defendants' motion to dismiss [Dkt. No. 11] is **GRANTED**, Plaintiff's Motion for Default Judgment [Dkt. No. 13] is **DENIED WITH PREJUDICE**, and this matter will be closed. An appropriate Form of Order accompanies this Opinion.

**Dated: January 21, 2015**　　　　　　　　　　　　/s Madeline Cox Arleo
　　　　　　　　　　　　　　　　　　　　　　　　**Hon. Madeline Cox Arleo**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**